UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

HAROLD E. HILL, et al.,                    )
                                           )
            Plaintiffs,                    )
                                           )
v.                                         )          Case No. 04-CV-0028-CVE-PJC
                                           )
THOMAS E. KEMP, et al.,                    )
                                           )
            Defendants.                    )

<u>OPINION AND ORDER</u>

        Before the Court is the Motion to Stay or In the Alternative to Abstain (Dkt. # 119) filed by

defendant Brad Henry ("Henry").  Plaintiffs have expressed an intent to file a petition for writ of

certiorari with the United States Supreme Court[1] regarding the Tenth Circuit decision dated March

6, 2007, <u>see</u> Dkt. # 85.  Defendant Henry asks the Court to stay the remaining claims (claims five

and six) pending the outcome of plaintiff's appeal.  In the alternative, Henry asks that the Court

abstain from rendering a decision on claims five and six based on the following abstention doctrines:

(1) <u>Pullman</u> abstention; (2) <u>Burford</u> abstention; (3) <u>Younger</u> abstention, and (4) <u>Colorado River</u>

abstention.  Plaintiffs object to Henry's motion. <u>See</u> Dkt. # 128.  For the reasons set forth below, the

Court denies defendant Henry's motion.

I.

        The Court has discretion in determining whether to grant a stay.  <u>See</u> <u>Landis v. N. Am. Co.</u>,

299 U.S. 248, 254 (1936).  Henry argues that a stay is appropriate because it will conserve judicial

_____

[1]     Plaintiffs were granted an extension of time to August 30, 2007 to file the petition for writ
        of certiorari.  The petition need only be postmarked by August 30, 2007; it need not be filed
        with the Supreme Court by that date.  Thus, at this time, the Court cannot verify if plaintiffs
        have filed the petition.

resources and because the claims on appeal deal with "the same issues, facts, and parties."  Dkt. # 119, at 7.  However, contrary to Henry's assertion, the Court finds that a stay is not appropriate or necessary in this case because the issues and parties in claims one through four are distinct from those in claims five and six.

The First Amended Complaint (Dkt. # 45) distinguishes between two sets of plaintiffs, the "Motorists" and Oklahoma Religious Coalition for Reproductive Choice Education Fund, Inc. ("ORC").  In claims one through four, the Motorists challenge the statutory provisions by which all special license plates are authorized for creation and sale to Oklahoma motorists.  They argue that the special license plate scheme unconstitutionally creates impermissible actual and potential viewpoint discrimination in a state-created public forum.  This Court held that the Tax Injunction Act, 28 U.S.C. § 1341 ("TIA") barred Motorists' claims one through four.  The Tenth Circuit affirmed this decision.  See Hill v. Kemp, 478 F.3d 1236 (10th Cir. 2007).  It is this affirmance that would be the subject of a petition for writ of certiorari.

By contrast, in claims five and six, ORC challenges the statutory provisions establishing eligibility criteria for distribution of monies received from sales of the "Choose Life" license plate.  This plate costs $35 in addition to the normal licensing charges.  OKLA. STAT. tit. 47, §§ 1135.5(C).  Of the $35 charge, $20 is directed to "a revolving fund for the Department of Human Services [("DHS")] to be designated the Choose Life Assistance Program" (the "Fund"), id. §1104.6(B).  By statute, "[a]ll monies accruing to the credit of the fund are appropriated and shall be distributed at the beginning of each fiscal year in a pro rata share to all nonprofit organizations that provide services to the community that include counseling and meeting the physical needs of pregnant women who are committed to placing their children for adoption."  Id. § 1104.6(B).  To receive

2

disbursements from the Fund, an applicant organization must submit an affidavit verifying, among other things, that the organization "is not involved or associated with any abortion activities, including counseling for or referrals to abortion clinics, providing medical abortion-related procedures, or pro-abortion advertising." Id. § 1104.6(C)(4).  ORC alleges that the eligibility criteria set forth in § 1104.6(C)(4) and § 1104.6(D) unconstitutionally condition state funding on abstention from privately-funded speech in violation of the First Amendment.  This Court held that, with respect to claims five and six, the suit was barred by the Eleventh Amendment.  The Tenth Circuit reversed and remanded those claims to this Court. See Hill, 478 F.3d at 1254-62.

The Tenth Circuit has set forth several factors to consider in determining whether to grant a stay pending a decision on the merits of an appeal: (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. Fed. Trade Comm. v. Mainstream Marketing Servs., Inc., 345 F.3d 850, 852 (10th Cir. 2003).  "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." Landis, 299 U.S. at 255.  Here, Henry has failed to illustrate the threat of irreparable harm or a "clear case of hardship" if the stay is not granted.  Given that the claims involve different issues and different sets of plaintiffs, a stay would do little to conserve resources for either the Court or litigants.  The outcome of Motorists' claims on appeal (if the Supreme Court grants certiorari) have no bearing on the outcome of ORC's claims on remand.   Further, the Court finds that ORC would be harmed by a stay.  To the extent that ORC contends that it is entitled to disbursements from the Fund, a stay

would delay the distribution of ORC's pro rata share if it is successful on the merits.  Therefore, the Court denies Henry's motion to stay.

## II.

In the alternative, Henry asks that the Court abstain from further deciding ORC's claims. The Court notes that this case was filed in early 2004.  Abstention was not raised by any defendant until Henry's recent motion – more than three years after litigation commenced.  For the reasons set forth below, the Court finds that abstention would be improper.

1.    Pullman Abstention

According to the Pullman abstention doctrine, abstention is required when state law is uncertain and a state court's clarification of state law might make a federal court's constitutional ruling unnecessary.  See generally Railroad Comm. of Texas v. Pullman Co., 312 U.S. 496 (1941). In such cases, a federal court should abstain from resolving federal constitutional questions until the matter has been sent to state court to clarify the state law.  A district court can abstain under Pullman only if the following three conditions are satisfied: "(1) an uncertain issue of state law underlies the constitutional claim; (2) the state law issues are amenable to interpretation and such an interpretation obviates the need or substantially narrow the scope of the constitutional claim; (3) an incorrect decision of state law by the district court would hinder important state law policies."  Leahman v. City of Louisville, 967 F.2d 1474, 1478 (10th Cir. 1992).  Pullman abstention would be inappropriate in this case because this case simply does not involve uncertain issues of state law. See id.  This case involves federal constitutional issues and not issues of state law.

2.      <u>Burford</u> Abstention

      <u>Burford</u> abstention arises when a federal district court faces issues that involve complicated state regulatory schemes. <u>See</u> <u>generally</u> <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315 (1943). It is generally invoked in non-federal question cases. Even defendant Henry admits that application of the <u>Burford</u> abstention doctrine is "tenuous to the facts in this case." Dkt. # 119, at 5.

3.      <u>Younger</u> Abstention & <u>Colorado River</u> Abstention

      Under the <u>Younger</u> abstention doctrine, federal courts should abstain from granting relief against a pending state criminal proceeding or against a pending state civil proceeding that implicates important state interests. <u>See</u> <u>generally</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971). Under the <u>Colorado River</u> abstention doctrine, federal courts should refrain from hearing cases that are duplicative of a pending state court proceeding. <u>See</u> <u>generally</u> <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976). There are no parallel state court proceedings in this case. Thus, quite clearly, neither the <u>Younger</u> nor <u>Colorado River</u> abstention doctrine applies.

      In summary, the Court finds that all of the abstention doctrines cited by Henry are wholly inapplicable to this case. Even Henry fails to explain why the Court should abstain from making determinations as to claims five and six. His brief is, in effect, an overview of the abstention doctrines with little to no analysis as to their relevance to this case. Therefore, the Court finds that Henry's motion to abstain should be denied.

      **IT IS THEREFORE ORDERED** that the Motion to Stay or In the Alternative to Abstain (Dkt. # 119) filed by defendant Brad Henry is hereby **denied**.

5

**IT IS FURTHER ORDERED** that the parties shall submit a proposed scheduling order setting forth a discovery deadline, dispositive motion deadline, and other relevant deadlines no later than **September 17, 2007**.

**DATED** this 31st day of August, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT